**RSS REALTY LLC, Appellant,**

v.

**TETRA TECH, INC., Respondent.**

**No. WD 68011.**

Missouri Court of Appeals, Western District.

May 27, 2008.

George Ruprecht and Julie Gibson, Kansas City, MO, for appellant.

Scott Murphy and Danne Wayne Webb, Kansas City, MO, for respondent.

Before VICTOR C. HOWARD, Chief Judge, PAUL M. SPINDEN, Judge, and RONALD R. HOLLIGER, Judge.

## ORDER

PER CURIAM.

RSS Realty, LLC ("RSS") appeals the grant of summary judgment in its suit claiming damages for negligent misrepresentation, professional negligence, and intentional misrepresentation. All of these claims arise from a geological survey prepared by a corporate predecessor of Tetra Tech, Inc. ("Tetra Tech") at the request of Bob Sight Lincoln–Mercury, Inc. ("BSLM") in contemplation of the construction of a car dealership in Kansas City. RSS owns the land upon which that dealership has been built, and leases the property to BSLM. In response to RSS's petition, Tetra Tech filed a motion to dismiss, or, in the alternative, for summary judgment, arguing that it owed RSS no duty enforceable in tort.

Regarding the claim for negligent misrepresentation, the parties have framed the issue on appeal in terms of whether,

under the facts presented, RSS falls within the "limited group of persons for whose benefit and guidance [Tetra Tech] intend[ed] to supply the information," as that phrase is used in section 552(2)(a) of the Restatement (Second) of Torts. We hold that RSS did not fall within the "limited group" described in the Restatement.

RSS's remaining claims similarly require the existence of a duty to RSS. For purposes of professional negligence, that duty is defined in terms of privity, and for intentional misrepresentation claims, the plaintiff must establish a right to rely on the defendant's statements. Tetra Tech's motion for summary judgment establishes the absence of any such duty, and thereby established Tetra Tech's right to judgment as a matter of law.

Because a formal published opinion would have no precedential value, the parties have been provided a memorandum explaining the reasoning of the court, and the judgment is affirmed pursuant to Rule 84.16(b).